UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Cassandra Koch,

           Plaintiff,

v.

Commissioner of Social Security,

           Defendant.

_____/

Case No. 19-13631

Judith E. Levy
United States District Judge

Mag. Judge Anthony P. Patti

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [17], OVERRULING PLAINTIFF'S OBJECTIONS [18], GRANTING THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT [15], AND DENYING PLAINTIFF'S MOTION FOR SUMMARY <u>JUDGMENT [12]</u>**

Before the Court is Magistrate Judge Anthony P. Patti ("MJ Patti")'s Report and Recommendation ("R&R") (ECF No. 17) recommending that the Court grant Defendant Commissioner of Social Security (the "Government")'s motion for summary judgment, (ECF No. 15), deny Plaintiff Cassandra Koch's motion for summary judgment, (ECF No. 12), and affirm the Administrative Law Judge's ("ALJ") decision. Plaintiff submitted two objections to the R&R, (ECF No. 18),

and the Government responded. (ECF No. 19.) For the reasons set forth below, Plaintiff's objections are overruled, and the R&R is adopted in full.

## I. Background

The Court has carefully reviewed the R&R and is satisfied that it is a thorough account of the relevant portions of the record. The factual and procedural background from the R&R are incorporated as if fully set forth herein.

## II. Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to specify the part of the order, proposed findings, recommendations, or report to which [the party] objects and to state the basis for the objection." *Pearce v. Chrysler Group LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018) (internal citations omitted). Objections that restate arguments already presented to a magistrate judge are improper, *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing

*Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that dispute merely the general correctness of the report and recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

The Supreme Court recently addressed the standard the district court must apply when conducting its de novo review. In *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019), the Court explained that the phrase "substantial evidence" is a "term of art." *Id.* (internal citations omitted). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Id.* (internal citations omitted). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . is 'more than a mere scintilla.'" *Id.* (internal citations omitted). Specifically, "[i]t means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (internal citations omitted).

### III. Analysis

Plaintiff lodges one objection to MJ Patti's R&R:

1) Magistrate Judge Patti's finding that the ALJ's Residual Functional Capacity (RFC) determination was supported

3

> by substantial evidence is in opposition to the prevailing rules and regulations and therefore should be rejected.

(ECF No. 18.) For the reasons below, this objection is OVERRULED.

Plaintiff's sole objection argues that MJ Patti erred in crediting the ALJ's assessment of Dr. Clarke's opinion evidence while determining Plaintiff's RFC. Specifically, Plaintiff argues that the ALJ provided "no *explanation* as to how evidence [in the record] detracted from the very specific limitations provided by Dr. Clarke . . . . The various findings cited by the ALJ above are not connected aside from a general indication that Plaintiff's mental and physical health were not as severe as opined by the favorable opinions of record." (ECF No. 18, PageID.1437-1438 (emphasis in original).) Plaintiff argues that the Court "may not uphold an ALJ's decision, even if there is enough evidence in the record to support it, if the decision fails to provide an accurate and logical bridge between the evidence and the result." (*Id.* at PageID.1347 (citing *Pollaccia v. Comm'r of Soc. Sec.*, No. 9-14438, 2011 WL 281044, at \*6 (E.D. Mich. Jan. 6, 2011)).)

However, as MJ Patti correctly noted in the R&R, "although the ALJ did make a general reference to [specific] exhibits in the above-

4

quoted paragraph of her hearing decision, she made much more specific references to each later in the same paragraph and elsewhere throughout her decision, and explicitly stated that the referenced exhibits had been 'summarized above.'" (ECF No. 17, PageID.1426.) Indeed, the ALJ's reason for discounting Dr. Clarke's evidence was as follows:

> Michael Clarke, M.D., a treating physician, offered an opinion in June 2018 regarding the claimant's functioning. (Exhibit 11F). Dr. Clarke opined that the claimant is able to sit, stand, and walk for a combined total of six hours during an eight-hour workday. The doctor opined that the claimant requires unscheduled work breaks, is incapable of performing even low stress work, and speculates she would be absent from work more than four times per month. (*Id.*). Dr. Clarke's statements regarding the claimant's functioning are not supported by the findings at Exhibits 3F, 5F, and 10F, which have been summarized above.[1] Notably, his statements are inconsistent with his own objective findings. For example, in February of 2018, Dr. Clarke noted the claimant had an anxious mood, but she was also alert and oriented, had normal strength, and had normal cognition, memory, judgment, and thought content. (Exhibit 10F, p. 312). As another example, in April and May of 2018, the claimant appeared anxious, but was alert and oriented, had normal range of motion with no edema or deformity, and had normal

---

[1] The ALJ's opinion dedicated at least a paragraph to summarizing and extracting examples from each of these separate exhibits. (ECF No. 10-2, PageID.68-69.)

5

cognition, judgment, and thought content. (*Id.* at 336, 357). The undersigned assigns little weight to Dr. Clarke's opinion. (ECF No. 10-2, PageID.70.) Plaintiff takes specific issue with the ALJ's "general" finding that "Dr. Clarke's statements regarding the claimant's functioning are not supported by the findings at Exhibits 3F, 5F, and 10F, which have been summarized above." Plaintiff argues that "the general citation to previously discussed evidence does not create a logical bridge between that citation and the opinion evidence." (*Id.* at PageID.1437.)

There are two problems with Plaintiff's argument. First, the citation to previously discussed evidence *does* create a logical bridge when, as here, the ALJ has extensively discussed the previous evidence. *See Bradford v. Sec'y of Health & Human Servs.*, 803 F.2d 871, 873 (6th Cir. 1986) (explaining that the ALJ's decision should be read as a whole); *Athey v. Comm of Social Sec.*, 2014 WL 4537317, at *4 (E.D. Mich. Sep. 11, 2014) ("Read as a whole, therefore, the ALJ's Decision leaves no doubt that the ALJ found [the doctor]'s opinion to be inconsistent with the other substantial evidence in the case record.") Second, and independently, the ALJ provided two examples in the paragraph above explaining why Dr. Clarke's opinion was inconsistent *with his own objective findings*. (ECF No. 10-2, PageID.70.) Accordingly, MJ Patti appropriately approved of

the ALJ's reasons for affording little weight to Dr. Clarke's opinion.[2] Substantial evidence exists to support the Agency's determinations. *Biestek*, 139 S. Ct. at 1154.

## IV. Conclusion

For the reasons set forth above, Plaintiff's objections (ECF No. 18) are overruled. Accordingly, the Report and Recommendation (ECF No. 17) is **ADOPTED**, the Government's motion for summary judgment

---

[2] Though Plaintiff does not formally denote a second objection, Plaintiff also seems to separately argue that MJ Patti erroneously found Plaintiff to have waived her arguments as to Dr. Walberer's opinion testimony. (ECF No. 18, PageID.1439.) MJ Patti deemed these arguments waived due to Plaintiff's failure to "address the substance of [Dr. Walberer's] opinion, or of the ALJ's analysis of that opinion, in the argument section of her motion, only cursorily stating that the RFC finding is 'remarkably inconsistent' with Dr. Walberer's opinion, without any elaboration." (ECF No. 17, PageID.1431-1432.) Plaintiff argues that it is hypocritical to waive her argument on this ground because MJ Patti approved of the ALJ's "general" references to previously-discussed exhibits in the record, but not of Plaintiff's "general" references to Dr. Walberer's testimony. (*See id.* at PageID.1439.)

It is unnecessary to address Plaintiff's structural objection here, because MJ Patti went on to overrule the substance of Plaintiff's argument about Dr. Walberer—a fact that Plaintiff does not challenge. (ECF No. 17, PageID.1432 ("And Plaintiff's argument that the ALJ erred by discounting Dr. Walberer's opinion with only a general reference to Exhibits 3F, 5F, 6F, and 10F fails for the same reasons described above. Although the ALJ did make a general reference to these exhibits in her assessment of Dr. Walberer's opinion, she addressed the details of the medical records in each of these exhibits throughout her hearing decision. Again, this alone does not demonstrate error, as it is appropriate to read an ALJ's decision as a whole.").)

Accordingly, to the extent that Plaintiff's argument about Dr. Walberer's opinion could be interpreted as a second objection to the R&R, it is OVERRULED.

(ECF No. 15) is **GRANTED**, and Plaintiff's motion for summary judgment (ECF No. 12) is **DENIED**.

IT IS SO ORDERED.

Dated: March 30, 2021  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 30, 2021.

　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　Case Manager

8